UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS MINCHALA GUAMAN,<br><br>                      Petitioners,<br><br>      v.<br><br>PATRICIA HYDE, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement, ET AL.,<br><br>                      Respondents. | Civil Action No. 1:25-cv-11523-PBS |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241**

Respondents, by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this opposition to the Petition for Writ of Habeas Corpus filed by Petitioner Luis Minchala Guaman ("Petitioner"). Doc. No. 1, Petition for Habeas Corpus ("Petition"). Respondents respond to the Petition as contemplated by Rules 4 and 5 of the Federal Rules Governing Section 2241 cases.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the Petition, Petitioner, who is lawfully detained by U.S. Immigration and Customs Enforcement ("ICE"), is an Ecuadoran national who currently is in removal proceedings in the immigration court, with a pending Special Immigrant Juvenile application pending with United States Citizenship and Immigration Service ("CIS"). *See* Dkt. No. 1, ¶¶ 1, 12. The Petition asserts that Petitioner was detained on May 23, 2025. *Id.,* ¶ 12. On information and belief, Petitioner maintains that at the time of the Petition's filing, in the evening of May 28, 2025, he was detained in Massachusetts. *Id.,* ¶ 5. However, as stated in the Declaration of Karen

O'Donnell, Supervisory Detention and Deportation Officer, Petitioner entered ICE custody on May 26, 2025, and was held in Hartford Connecticut from that date until he was moved to the Delany Hall Detention Facility in Newark, New Jersey at or around 4:30 pm on May 28, 2025. *See* Declaration of Karen O'Donnell (O'Donnell Decl."), *Exhibit A,* attached hereto. Currently, Petitioner remains in detention at that facility in New Jersey. *Id.,* ¶ 8. At a Status hearing held by this Court on May 29, 2025, Respondents reported to the Court that Petitioner was detained at that time in Hartford, Connecticut. This information was based on review by agency counsel of ICE's detention database system, which is used to record detention locations of detainees, like Petitioner; however, that system had recent issues resulting in information that had not updated the current locations of detainees. *Id.,* ¶ 9. Nevertheless, the system has been updated and is current. *Id.* At no time did the agency intentionally provide the undersigned counsel with misinformation that was presented to the Court on May 29, 2025.

As explained in greater detail below, this Court should deny the Petition for want of subject matter jurisdiction as Petitioner was not detained in Massachusetts at the time of the Petition's filing in the evening of May 28, 2025; rather, he was detained, and is currently detained, in Newark, New Jersey at all relevant times hereto.

## ARGUMENT

**A.     This Court Lacks Subject Jurisdiction over Petitioner.**

As explained by United States District Court Judge Gorton in response to a habeas petition in this court filed by an ICE detainee in custody outside of the District of Massachusetts, "[t]he question of whether the Court has jurisdiction over this matter breaks down into two sub questions: (1) Who is the proper respondent? and (2) Does this Court have jurisdiction over him or her?" *Kantengwa v. Brackett*, No. 19-CV-12566-NMG, 2020 WL 93955, at *1 (D. Mass. Jan.

2

7, 2020). As discussed below, the proper respondent is Petitioner's immediate custodian at the Delaney Hall Detention Facility in Newark, New Jersey. At bottom, this Court does not have jurisdiction over such individual since Petitioner is not detained in Massachusetts.

### 1. Petitioner has Named an Improper Respondent to this Action.

The Supreme Court has explained that when considering "challenges to present physical confinement … the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 339 (2004). The Supreme Court reasoned that without this immediate custodian rule in place, the result "would be rampant forum shopping, district courts with overlapping jurisdiction, and the very inconvenience, expense, and embarrassment Congress sought to avoid when it added the jurisdictional limitation 137 years ago." *Id.* at 447.

Similarly, in considering a habeas petition filed by a detainee in immigration custody, the First Circuit held that the proper respondent is the immediate custodian, *i.e.* the individual "who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690. The First Circuit explained that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by [ICE] normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." *Id.*

Petitioner therefore named the wrong respondents as they are the not his custodian. *See Tham*, 319 F. Supp. 3d at 577 (Explaining that for an ICE habeas petitioner detained in New Hampshire, the correct respondent is the Superintendent of that facility); *Faulkner v. US. Immigr. & Naturalization,* No. CV 22-12122-WGY, 2023 WL 3868437, at *2 (D. Mass. June 7, 2023) (Holding that "the proper respondent is the warden of the institution where Faulkner was confined when the petition was filed. Because Faulkner is at the Central Maryland Correctional

Facility, the proper respondent is warden at this Maryland facility."); *Kantengwa*, 2020 WL 93955 at *1 ("Because Kantengwa was at the Strafford County Detention Center at the time she filed her petition (and remains there still), the proper respondent is Warden Brackett. The other persons identified as respondents are not proper parties to this action.").

The First Circuit did acknowledge that there could be "extraordinary circumstances" in which an official with supervisory control could be named as the respondent for an ICE detainee's habeas petition. *Vasquez*, 233 F.3d at 697. For example, the *Vasquez* Court cited a case where the ICE detainee was "being detained in an undisclosed location" or envisioned a case where ICE "spirited an alien from one site to another in an attempt to manipulate jurisdiction." *Id.* But in *Vasquez*, the First Circuit found no "hint of anything that might qualify as an extraordinary circumstance" in that the petitioner was required to file his petition in the district of his confinement (Louisiana), even if that jurisdiction was considered a less hospitable judicial district for the detainee to present his claims. *Id.*

Here, too, there are no extraordinary circumstances cited that make appropriate the naming of the wrong custodians as the respondents to this action as ICE has detained Petitioner in Hartford, Connecticut from May 26, 2025, until his transfer to Newark, New Jersey at or around 4:30 pm on May 28, 2025, where he is currently located. *See* O'Donnell Decl., ¶ 9. *Tham*, 319 F. Supp. at 577 (Finding "no extraordinary facts in this case that would warrant deviating from the immediate custodian rule."). At no time was Petitioner in Massachusetts on the date of the Petition's filing on May 28, 2025. If Petitioner wished to challenge his current detention, he should have filed his habeas petition with the district court that has jurisdiction over his immediate custodian. Petitioner failed to do so, however, and therefore has named an improper respondent for this action to challenge his current detention in Newark, New Jersey.

## 2. This Court lacks jurisdiction over Petitioner's custodian at the Delaney Hall Detention Facility in Newark, New Jersey.

Answering the second question posed by Judge Gorton in *Kantengwa*, this Court does not enjoy jurisdiction over this habeas petition since it lacks jurisdiction over Petitioner's immediate custodian in the Delaney Hall Detention Facility located in Newark, New Jersey. A district court is statutorily authorized to issue a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243. Such individual holding custody must be "within [the court's] respective jurisdiction[]." *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). As explained by the First Circuit, this statutory language means "that the court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody." *Vasquez*, 233 F.3d at 690.

Because Petitioner is not detained in the District of Massachusetts and was not detained in Massachusetts at the time of the Petition's filing on May 28, 2025, this Court lacks jurisdiction over his immediate custodian at the Delaney Hall Detention Facility in Newark, New Jersey. Courts within this district routinely find that they do not have jurisdiction over custodians outside of the District of Massachusetts. *Tham*, 319 F. Supp. at 577 ("jurisdiction lies in only one district: the district of confinement."); *Kantengwa*, 2020 WL 93955, at *2 ("Because the District of Massachusetts is not the district of Kantengwa's confinement, jurisdiction is lacking."); *Faulkner*, 2023 WL 3868437, at *2 (same); *Hernandez,* 1:19-cv-10519-DJC, ECF No. 18 (D. Mass. Oct. 11. 2019) (Allowing motion to dismiss as habeas petitioner "was not in the district when he filed or was pursuing this Petition as is required.").

## CONCLUSION

For these reasons, this Court lacks jurisdiction over the Petitioner and must therefore dismiss or deny the Petition.

                                                Respectfully submitted,

                                                LEAH B. FOLEY
                                                United States Attorney

Dated: May 30, 2025                   By:    */s/ Michael Sady*
                                                MICHAEL SADY
                                                Assistant United States Attorney
                                                United States Attorney's Office
                                                1 Courthouse Way, Suite 9200
                                                Boston, MA 02210
                                                Tel.: 617-748-3100
                                                Email: michael.sady@usdoj.gov