United States District Court
for the
District of Massachusetts
Civil Action No. 1:25-cv-11523-PBS

---

Luis Minchala Guaman,

Petitioner,

-vs-

Patricia Hyde, et al.,

Respondents.

---

**EMERGENCY MOTION TO COMPEL IMMEDIATE ATTORNEY-CLIENT ACCESS AND FOR EXPEDITED STATUS CONFERENCE**

Petitioner Luis Minchala Guaman, through his attorney, Joshua O'Neill, Esq., moves the Court to enter an order providing the relief enumerated below and to grant such other and further relief as may be just and proper. Petitioner stands ready to appear for a hearing or conference on these matters at the Court's convenience.

**Factual Background**

Petitioner Luis Minchala Guaman, a 21-year-old immigration detainee, has been held in ICE custody since May 23, 2025. In the nearly two months since this Court stayed Mr. Guaman's removal and ordered notice of any transfer, Petitioner's counsel has been unable to have any communication with Mr. Guaman despite diligent efforts.

Petitioner's counsel initially believed Mr. Guaman was detained in Massachusetts. But Respondents have since confirmed he is held at the Torrance County Detention Facility in Estancia, New Mexico ("TCDF"), which is under the direction and control of the Department of

Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") Field Office in El Paso, Texas (the "El Paso FO").

As detailed in counsel's status reports, every attempt to contact Mr. Guaman has been **unsuccessful**. Petitioner's counsel has placed over a dozen calls to TCDF and ICE numbers, left multiple voicemails with identifying information, submitted an ICE online contact form, and sent numerous emails to the designated El Paso FO email address – all without any response.

On July 9 and 10, 2025, counsel called the two phone numbers listed for TCDF at least five times; each call either went straight to voicemail or rang without answer. Counsel left his name, contact information, and Mr. Guaman's full name, A-number, date of birth, and country of birth in voicemails, but received no return call. He also called the El Paso FO lines, only to be directed to submit an online request form, which he did on July 9. The following day, July 10, counsel complied with all ICE instructions: he registered for ICE's ERO e-File system, filed a Form G-28 Notice of Entry of Appearance, and emailed a copy of that G-28 to the ICE El Paso FO Outreach email, elpaso.outreach@ice.dhs.gov, requesting immediate contact with Mr. Guaman. In that email, sent at 1:28 p.m. on July 10, Petitioner's counsel wrote, *"Mr. Minchala Guaman is held at the Torrance County Detention Facility in Estancia, New Mexico… I would like to speak with him as soon as possible via whatever method is the most readily available and convenient"*. He provided his cellphone number and email and asked ICE to advise if anything further was needed. Petitioner's counsel has yet to receive a response.

On July 10 and 11, 2025, counsel continued to call TCDF. Several calls rang without answer or went to voicemail. In two instances on July 10, a call to the TCDF's main number finally connected but then silently disconnected after counsel's repeated greetings went unanswered. Having received no facility response, Petitioner's counsel alerted Respondents' counsel, Assistant

United States Attorney Michael Sady, as to this issue on July 10, forwarding a draft status report documenting these contact attempts. By July 11, Petitioner's counsel had made 12 phone calls and sent two emails to ICE with no reply.

Pursuant to the Court's instruction at the July 9 status conference, Petitioner's counsel filed a Status Report on July 11, 2025, Doc No 9, detailing all of these failed attempts to reach his client. Respondents, in a Status Report filed July 16, 2025, Doc No 10, acknowledged that Mr. Guaman remained detained TCDF and indicated that ICE received Petitioner counsel's Form G-28. On July 16, Respondents' counsel provided Petitioner's counsel with an ICE hotline number, 1-888-351-4024, to call, suggesting it would lead to contact with Mr. Guaman. Petitioner's counsel called that number, and others, and furnished Mr. Guaman's information on August 19, 2025, but again no action or response ensued – to date, no employee or representative of the United States government has contacted Petitioner's counsel or arranged any call or meeting.

As of this filing, Petitioner's counsel has never been permitted to speak with Mr. Guaman, in any form, since Mr. Guaman's May 23 detention. He has received no phone calls from TCDF, no email reply from ICE, and no acknowledgment from any detention staff. Mr. Guaman remains involuntarily incommunicado in ICE custody, unable to consult with his attorney about his pending habeas case or any other matter. Meanwhile, Petitioner's immigration case and this habeas petition have been pending for weeks without meaningful attorney–client communication. This state of affairs gravely undermines Mr. Guaman's constitutional right to counsel and access to the courts. It also frustrates the Court's ability to adjudicate the habeas petition efficiently, as counsel cannot obtain necessary information or instructions from his client.

Accordingly, Petitioner brings this Emergency Motion to compel immediate access to his counsel and to request an expedited status conference. Petitioner respectfully asks the Court to

enforce his right to communicate with counsel without delay and to issue interim orders ensuring such access, as detailed below. Given that Mr. Guaman's detention is ongoing and removal could be attempted, Petitioner also seeks an order barring any transfer or removal of Mr. Guaman from this Court's jurisdiction without prior notice. Time is of the essence: Petitioner's lack of access to counsel has persisted for over 40 days with no remedy in sight. Only this Court's intervention can break the impasse and vindicate Petitioner's rights.

### Argument

The Court has clear authority to grant the relief requested under 28 U.S.C. §§ 2241 and 2243, the All Writs Act, 28 U.S.C. § 1651, and its equitable powers in habeas corpus proceedings. Petitioner's inability to consult with his lawyer is a fundamental denial of due process, especially given that a habeas petition and immigration proceedings are pending. The Fifth Amendment guarantees detained individuals a meaningful opportunity to participate in their cases and to have the assistance of counsel. That right is hollow if detention authorities can effectively isolate a detainee from his lawyer for weeks on end.

Federal courts have recently upheld such rights specifically as to immigration detainees. Just last week, the Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York underscored these principles by issuing a Temporary Restraining Order, a copy of which is attached as Exhibit 1, that requires ICE to ensure detained individuals can make free, confidential calls to their attorneys within 24 hours of being detained.

Here, by contrast, Mr. Guaman has been detained for over six weeks without any attorney call being permitted – a stark violation of basic constitutional and statutory standards.

Furthermore, the habeas corpus statutes themselves emphasize prompt court action and communication. Under 28 U.S.C. § 2243, the Court "shall forthwith" direct the custodian to

respond to a habeas petition and "summarily hear and determine the facts, and dispose of the matter as law and justice require." Effective habeas review is impossible if the petitioner cannot even speak with his counsel to develop the facts or assist in his case. The delay and silence imposed by Respondents undermine the very purpose of habeas relief as a swift remedy for unlawful detention.

In this case, an order compelling immediate attorney-client access is necessary to preserve Mr. Guaman's meaningful ability to pursue his habeas petition. Without Court intervention, Respondents' inaction effectively thwarts the Court's jurisdiction by impeding communication and potentially allowing Mr. Guaman's removal to occur without his counsel's knowledge.

Additionally, Respondents are flouting their own detention standards. The ICE Performance-Based National Detention Standards 2011, revised in 2016, ("PBNDS") mandate robust access to legal counsel. By policy, "telephone access procedures shall foster legal access and confidential communications with attorneys," and, absent a court order, staff may not monitor or record detainees' legal calls. Facilities must have a procedure for arranging unmonitored calls to attorneys and must treat such calls as privileged.

Here, Petitioner's counsel has repeatedly provided his phone number and entered an appearance, yet there is no indication that the facility has made any arrangement to facilitate a confidential legal call. The PBNDS also guarantees detainees reasonable opportunity to meet with and communicate with counsel through visits, calls, and correspondence. By keeping Mr. Guaman cut off from his lawyer, Respondents are violating these detention standards and depriving Petitioner of rights that ICE itself purports to recognize.

Every additional day that Petitioner remains unable to speak with his attorney is highly prejudicial. Mr. Guaman is a young man with a pending Special Immigrant Juvenile Status petition and potentially other avenues of relief, but his lawyer cannot advise or advocate for him effectively

while communication is blocked. Fundamental fairness and the integrity of these proceedings demand that counsel be given access to his client at once. Respondents have offered no justification for the persistent lack of access. There is no indication of any misconduct or security issue on Petitioner's part that would warrant cutting off counsel contact. The only inference is bureaucratic inertia or neglect – neither of which are valid reasons to deny constitutional rights. This Court's intervention is therefore not only appropriate but urgently required to vindicate Mr. Guaman's due process right to counsel and to ensure this habeas action can proceed in a fair manner.

## Relief Requested

For all the foregoing reasons, Petitioner respectfully requests that the Court **GRANT** this Motion and issue an Order[1] providing the following relief:

1. Respondents shall arrange a confidential attorney-client telephone call between Mr. Guaman and his counsel within 24 hours of the Court's Order. The call must allow for private, unmonitored and unrecorded communication, and last for a minimum of sixty (60) minutes.

2. Respondents shall facilitate an attorney-client meeting within 3 business days of the Court's Order, via a Virtual Attorney Visit (VAV) video conference, to enable Petitioner and counsel to meet and discuss his case confidentially. Respondents must provide a secure, private video conferencing session of at least one hour, with any necessary equipment or access instructions provided to counsel in advance.

3. Respondents shall designate a specific Point-of-Contact official ("POC") responsible for facilitating attorney-client communications in Mr. Guaman's case. The name, title, and direct phone number and email address of this POC shall be provided to Petitioner's

---

[1] Petitioner has filed a Proposed Order with this Motion for the Court's convenience.

counsel within 48 hours of the Court's Order. The POC will be responsible for promptly assisting with scheduling calls or visits and addressing any communication issues that arise.

4. Respondents shall confirm and ensure that Petitioner's counsel's telephone number, 617-356-7784, is registered in the detention facility's telephone system as an attorney number that will not be monitored or recorded during detainee calls. Respondents shall take any needed steps to inform Mr. Guaman that he may place confidential legal calls to that number and to ensure he is afforded a reasonable opportunity to do so.

5. Respondents shall file a brief Status Report with the Court by Tuesday, August 26, 2025, updating the Court on the steps taken to comply with the Court's Order and the status of attorney-client access, including whether the above-requested call and meeting have occurred. This report should also explain, if known, why Petitioner's counsel's earlier attempts went unanswered, so that the Court can address any ongoing barriers to communication.

6. Respondents shall not transfer Mr. Guaman to another detention facility or remove him from the United States during the pendency of this habeas action without providing at least 48 hours' advance written notice to the Court and Petitioner's counsel. This notice requirement is consistent with the Court's prior order preserving the status quo and is necessary to prevent irreparable harm to Petitioner's rights.

7. The Court is respectfully requested to **schedule an expedited Status Conference** via video conference at the earliest practicable date to address the issues raised in this Motion and to ensure compliance. Petitioner's counsel and Respondents' counsel should be prepared to report on Petitioner's access to counsel and the status of this case at such conference.

Petitioner submits that the above relief is narrowly tailored to enforce his access-to-counsel rights and to aid the Court's consideration of the habeas petition. Petitioner further notes that he has today moved separately to amend the case caption to add the local ICE warden as a Respondent to ensure the proper custodian is before the Court. Given the urgency and the ongoing prejudice to Petitioner, he respectfully requests that the Court grant this Motion on an emergency basis.

## CONCLUSION

For all those reasons, Petitioner Luis Minchala Guaman respectfully requests the Court grant this Motion, enter an order providing the relief enumerated above, and grant such other and further relief as may be just and proper. Petitioner stands ready to appear for a hearing or conference on these matters at the Court's convenience.

Dated: August 20, 2025
Boston, Massachusetts

Respectfully submitted,

LUIS MINCHALA GUAMAN

By his attorney:

/s/ Joshua O'Neill

Joshua O'Neill, Esq.
BBO# 704512
617.356.7784
josh@bostondefender.com



www.bostondefender.com
240 Elm St, 2nd Floor
Somerville, MA 02144

## CERTIFICATE OF SERVICE

      I, Joshua O'Neill, Esq., hereby certify, subject to the penalties of perjury, that, on August 20, 2025, I have served this filing and any attachments or exhibits on counsel for Defendant Perrin, Jr., via the Court's electronic filing and case management system:

Michael Sady
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.:(617) 748-3100
Email: michael.sady@usdoj.gov

_____
Joshua O'Neill, Esq.
BBO# 704512
617.356.7784