United States District Court
for the
District of Massachusetts
Civil Action No. 1:25-cv-11523-PBS

---

Luis Minchala Guaman,

Petitioner,

-vs-

Patricia Hyde, et al.,

Respondents.

---

### DECLARATION OF JOSHUA O'NEILL, ESQ.

I, Joshua O'Neill, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my knowledge:

1.  I am an attorney duly licensed in the Commonwealth of Massachusetts and with the United States District Court of the District of Massachusetts, and I am counsel of record for Petitioner Luis Minchala Guaman in this matter. I represent Mr. Guaman in his petition for a writ of habeas corpus filed May 28, 2025, and have been actively attempting to communicate with him since learning of his detention.

2.  Mr. Guaman was detained by ICE on or about May 23, 2025. He is a 21-year-old Ecuadorian national with a pending Special Immigrant Juvenile petition, and he was living in Milford, Massachusetts prior to his detention.

3.  I prepared and filed two status reports in this matter. Doc Nos 13, 18. Both fully and truthfully reflect my efforts at contacting Mr. Guaman, and I incorporate both fully into this Declaration.

4. In summary, since July 9, 2025, I have made exhaustive efforts to establish attorney-client communication with Mr. Guaman, including:

    a. At least 12 telephone calls to facility and ICE numbers, none of which resulted in me connecting with Mr. Guaman or even confirming a method to reach him.

    b. Multiple voicemails left with ICE and ICE officials containing detailed information regarding me and my representation of Mr. Guaman, none of which were returned.

    c. At least four emails to the ICE El Paso Field Office outreach address requesting assistance in contacting Mr. Guaman. I have received no response to any of the emails.

    d. I submitted ICE's online contact form submission on ICE's website on July 9, 2025. I have received no response regarding that filing.

    e. I registered and submitted a Form G-28 through ICE's system on July 10, 2025. ICE accepted the form, but their acceptance of it has yielded no improvement in communication with or access to Mr. Guaman.

5. Despite all these efforts over a period of approximately six weeks, I have not had a single conversation or exchange with Mr. Guaman since his detention. To date, I have never heard my client's voice nor received any communication directly from him since proceedings began.

6. Mr. Guaman's inability to speak with me has severely impeded my ability to represent him. I have been unable to discuss the claims in his habeas petition beyond what was pled on information and belief. I have been unable to update him on case developments or receive his input on strategy. I have also been concerned for his well-being, as I have not been able to verify his health or conditions in detention

7. As of August 19, 2025, I filed an Emergency Motion with the Court seeking an order to compel immediate attorney-`client access, as well as an expedited status conference. This declaration is submitted in support of that motion. It is my sincere hope that Court intervention will finally allow me to communicate with Mr. Guaman and properly fulfill my duties as his counsel.

8. I have not received any official notice that Mr. Guaman has been transferred to a different facility or removed from the United States. The last known information as provided by Respondents was that he was at Torrance County Detention Facility in Estancia, New Mexico. Given ICE's operational changes, however, and the complete silence which has met my attempts at communicating with my client, I am concerned he could be moved without my knowledge. I have continuously monitored the case docket and my email for any such notice, per the Court's order requiring advance notice of transfer or removal, and none has appeared. Thus, I assume Mr. Guaman remains within the custody of ICE's El Paso jurisdiction, whether he is at Torrance or in El Paso, Texas. My requests for contact have been directed accordingly.

9. In over a decade of legal practice, I have never encountered a situation like this, where an attorney-client relationship was effectively cut off for such an extended period by government officials while my client was in a detention setting. I have made every reasonable effort at my disposal to reach Mr. Guaman or to elicit cooperation from those holding him, all to no avail. I declare that the facts stated in this Declaration and the previously filed Status Reports are true and accurately reflect my efforts and experiences in contacting Petitioner Luis Minchala Guaman since July 9, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 20, 2025
       Somerville, Massachusetts

_____
Joshua O'Neill, Esq.
BBO# 704512